IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Civ. Action No.
                                  5:07-CV-0422 (NPM/DEP)

   vs.

THOMAS PICCIRILLO, *et al.,*

        Defendants.

_____

APPEARANCES:                OF COUNSEL:

FOR PLAINTIFF:

HON. ANDREW BAXTER           WILLIAM H. PEASE, ESQ.
Acting United States Attorney      Assistant U.S. Attorney
Northern District of New York
100 S. Clinton Street
P.O. Box 7198
Syracuse, New York   13261-7198

U.S. DEPT. OF JUSTICE           BARTHOLOMEW CIRENZA, ESQ.
555 Fourth Street, N.W.          Trial Attorney
Room 7814
Washington, DC 20001

FOR DEFENDANTS:

THOMAS PICCIRILLO, Pro Se
P.O. Box 12
Skaneateles, NY 13152

| | |
|---|---|
| BOND, SCHOENECK LAW FIRM<br>For Defendant Marianne Piccirillo<br>One Lincoln Center<br>Syracuse, NY 13202-1355 | H. J. HUBERT, ESQ. |
| RELIN, GOLDSTEIN LAW FIRM<br>For Defendant ABN AMRO<br>1800 First Federal Plaza<br>28 East Main Street<br>Suite 1800<br>Rochester, NY 14614-1991 | DAVID P. CASE, ESQ. |
| GIACONA LAW OFFICE<br>For Defendant County of Cayuga<br>75 Genesee St.<br>Auburn, NY 13021 | SAMUEL P. GIACONA, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff has brought this action against defendant Thomas Piccirillo, a taxpayer, and various other interested parties seeking to reduce to judgment certain unpaid federal tax liabilities, and to obtain foreclosure of federal tax liens in favor of the government against property and rights owned by that defendant. Since commencement of the action both plaintiff and the court have been engaged in efforts to secure compliance by the taxpayer with legitimate pretrial discovery demands served in the action. In light of the defendant's persistent failure to provide those

2

responses, despite the issuance of multiple court orders directing that he do so, I recommend that his answer in this case be stricken, and that he be declared in default.

I.      BACKGROUND

The United States commenced this action on April 19, 2007, and subsequently filed an amended complaint on May 7, 2007.  Dkt. Nos. 1, 16.  In its complaint, as amended, the United States requests the entry of judgment against defendant Thomas Piccirillo in the amount of his assessed but unpaid federal income, Federal Insurance Contribution Act ("FICA"), and employment tax liabilities for various specified years.  Dkt. No. 16.  Plaintiff's amended complaint also seeks a declaration that the United States possesses valid and subsisting liens on property and rights to property owned by defendant Piccirillo, as well as an order foreclosing those liens.  *Id.*  Named as defendants in the case, in addition to Piccirillo, are Marianne B. Piccirillo who, the court is advised, may be named Marianne Malvaso; the New York State Department of Labor; the New York State Department of Taxation and Finance; ABN AMRO Mortgage Group, Inc.; the County of Cayuga; Roger and Martha Tumber; and two unknown defendants identified only as John Doe and Jane Doe.  *Id.*

     Following commencement of the action, plaintiff propounded interrogatories and document discovery requests upon defendant Piccirillo, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, respectively, and additionally sought to take that defendant's deposition.[1] Defendant Piccirillo was directed to respond to those discovery requests "fully and truthfully" on or before July 11, 2008 by order issued by United States Magistrate Judge George H. Lowe on June 13, 2008. Dkt. No. 45.

    The taxpayer defendant's failure to comply with that directive led to the issuance on August 4, 2008 of an another order by Judge Lowe directing an appearance by defendant Thomas Piccirillo by August 12, 2008 to address the issue. Dkt. No. 48. Due to intervening events, however, including recusal of both Judge Lowe, and later Chief Magistrate Judge Gustave J. DiBianco and a corresponding transfer of the matter to me, the proceedings contemplated under that order were never conducted.

    Following reassignment of the matter to me, I issued an order dated August 20, 2008 scheduling an in-person hearing to be held on

---

      [1]    The record does not disclose precisely when those discovery requests were served.

4

September 11, 2008, and directing all parties, unless excused by the court, to appear at that proceeding. Dkt. No. 53. That order specifically directed that defendant Thomas Piccirillo "show cause why appropriate sanctions should not be issued against [him], pursuant to Rule 37 of the Federal Rules of Civil Procedure, based upon [his] failure to comply with the court's prior order compelling discovery, dated June 13, 2008, Dkt. No. 45), and [his] failure to cooperate in the scheduling of [his] deposition[] to be taken in the case." *Id.* ¶ 2.

Benjamin Cirenza, Esq., counsel of record for the plaintiff, and H.J. Hubert, Esq., defendant Marianne Piccirillo's attorney, appeared at the scheduled hearing on September 11, 2008. While defendants ABN AMRO Mortgage Group, Inc., and the County of Cayuga were excused from participating in the scheduled hearing, there was no appearance by or on behalf of any other defendant in the action including, notably, defendant Thomas Piccirillo, who is proceeding *pro se* following the withdrawal of his prior counsel, Kimberly M. Zimmer, Esq.

After the close of that hearing, I issued an order dated September 22, 2008, directing defendant Thomas Piccirillo to serve upon plaintiff's counsel proper responses to the outstanding interrogatories and

5

document demands on or before September 26, 2008.[2]  Dkt. No. 56, ¶ 1. In the order, plaintiff was additionally awarded all expenses associated with proceedings before the court based upon efforts to secure the taxpayer defendant's compliance with outstanding discovery demands. *Id.* ¶ 4.

By letter dated October 8, 2008, plaintiff's counsel has notified the court that notwithstanding my directive, he has received no responses from defendant Piccirillo to plaintiff's interrogatories and document discovery demands.

## II.  DISCUSSION

The rules governing discovery empower courts to order an array of sanctions of varying severity in the event of a party's failure to comply with a court–issued discovery order, and affords wide discretion in selecting appropriate relief.  *See* Fed. R. Civ. P. 37(b); *see also Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).  Among the available remedies are the striking of pleadings of the offending party,

---

[2]    That order also directed compliance with those outstanding discovery demands by defendant Marianne Piccirillo a/k/a Malvaso.  It was later brought to my attention, however, that the subject interrogatories and document demands were not directed to that defendant, and plaintiff has agreed that the order should not extend to requiring her compliance with those discovery demands.

in whole or in part; the entry of default judgment; and the issuance of a contempt order. *See id.* Supplementing this arsenal of remedies for discovery shortcomings is the inherent power of a court to take appropriate measures against a party, including one proceeding *pro se,* in the event of a failure to comply with a court order. *See Doyle v. Anderson,* No. 02-CIV 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) (dismissing complaint where plaintiff failed to appear for a scheduled status conference, to attend deposition, and to respond to discovery requests); *Lindsey v. Loughlin,* 616 F. Supp. 449, 453 (E.D.N.Y. 1985) (McLaughlin, D. J. Scheindlin, M.J.) (dismissing complaint for plaintiff's failure to prosecute the action where he last contacted the court with his address change upon release from prison and subsequently failed to appear for status conferences scheduled by the court). The power of a court to take appropriate action in the event of a failure to comply with a court order is inherent, and may be exercised even though no request for such relief has been made by a party. *Lindsey,* 616 F. Supp. at 453 (*citing Linc* v. *Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962)) ("the authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed

not by rule or statute but by the control necessary vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). The authority of a court to enforce its decrees, including to impose sanctions under Rule 37, however, is of course circumscribed by constitutional due process considerations. *Satcorp Int'l Group v. China Nat'l Silk Import & Export Corp.*, 101 F.3d 3, 5 (2d Cir. 1996); *see also Daval Steel Products*, 951 F.2d at 1367 (noting that sanctions under Rule 37(b)(2) must be "just").

To be sure, the sanction now contemplated by the court – the striking of defendant's answer and a declaration that he is now in default – is an extreme measure, to be exercised only in rare circumstances. *Burke v. ITT Automotive, Inc.,* 139 F.R.D. 24, 31 (W.D.N.Y. 1991). The decision of whether to award the ultimate sanction of striking defendant's answer is informed by certain highly relevant factors, including

> 1) the history of the failure to comply with court orders;
>
> 2) whether the party violating the order was given ample time to respond;
>
> 3) the effectiveness of alternative sanctions;
>
> 4) whether the non-compliant party was warned of and given an opportunity to

8

>  argue against the impending sanctions;
>
>  5) the prejudice to the adversary caused by the failure to comply;
>
>  6) whether the documents at issue would normally be readily obtainable; and
>
>  7) the extent of the party's personal responsibility.

*Burke,* 139 F.R.D. at 33.

In this instance, these factors weigh heavily in favor of striking defendant Piccirillo's answer and declaring him in default. Defendant Piccirillo did not merely fail to comply with a single order; his disregard of court directives extends to one issued by Magistrate Judge Lowe, as well as two entered by me. The court has no reason to believe that defendant Piccirillo did not receive notice of those orders, since they were mailed to the address given by him to the court clerk, and none of those orders were returned as undeliverable.[3] Defendant Piccirillo's failures have included not appearing at the scheduled September 11, 2008 hearing despite being directed to do so in my earlier order. Moreover, the order

---

[3] During the September 11, 2008 hearing, counsel for co-defendant Marianne Piccirillo a/k/a Malvaso advised the court that based upon his conversations he was confident that defendant Piccirillo was aware of the issuance of the court's order requiring him to appear on September 11, 2008.

subsequently issued, affording him one last opportunity to comply with the outstanding discovery demands, specifically advised as follows:

> In the event that the defendant[ ] Thomas Piccirillo . . . fail[s] to provide complete responses to the outstanding discovery demands by September 26, 2008, or the court deems the responses provided to be inadequate, then the court <u>will</u> recommend to Senior District Judge Neal P. McCurn that the answer of [that defendant] be stricken, and that [he] be declared in default in this action.

Dkt. No. 56, ¶ 3 (emphasis in original).

Under these circumstances I find that consideration of the relevant factors warrants the issuance of an order striking defendant Piccirillo's answer and declaring him in default in this action, and that no less harsh sanction would be either appropriate or likely to secure the desired compliance with plaintiff's outstanding discovery demands.

## III.   SUMMARY AND RECOMMENDATION

Despite considerable prodding by the court as well as the issuance of directives that he appear and show cause why he has not complied with outstanding discovery demands, and a pointed warning that future failure would result in the striking of his answer and a declaration that he is in default in the action, defendant Thomas Piccirillo, the taxpayer defendant in this action, has failed to comply or provide the court with any

10

explanation as to the reason for his failure.  Under these circumstances, and after considering all of the factors deemed appropriate, I conclude that no relief short of the striking of his answer and declaring him to be in default would be just and appropriate under the circumstances. Accordingly, it is hereby

RECOMMENDED that the answer of defendant Thomas Piccirillo to plaintiff's complaint in this action (Dkt. No. 22) be stricken as relates to that defendant, that he be declared in default in this action, and that plaintiff be given permission to file a motion seeking the entry of an appropriate default judgment as against that defendant.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); FED. R. CIV. P.  6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon counsel for the parties electronically, and upon defendant Thomas Piccirillo by first class mail.

11

_____
David E. Peebles
U.S. Magistrate Judge


Dated:     October 10, 2008
           Syracuse, NY